UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK E. BIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01319-TWP-MG |
| | ) | |
| CHASITY PLUMMER-LONG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court for screening as required by 28 U.S.C. § 1915A(a)(c). Plaintiff Mark Biddle ("Mr. Biddle") alleges that his vision has been permanently compromised because he was not provided with prompt attention to a medical emergency at Plainfield Correctional Facility (PCF) in 2021. Because Mr. Biddle is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants.

## I. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.  THE COMPLAINT

Mr. Biddle names one defendant in the complaint: Chasity Plummer-Long, whom he describes as a nurse and health services administrator at PCF. Mr. Biddle indicates that Ms. Plummer-Long was employed by Wexford of Indiana, LLC, but the Court takes notice that Centurion of Indiana was the Indiana Department of Correction's medical care contractor at all times relevant to Mr. Biddle's complaint. Mr. Biddle seeks damages and injunctive relief, and he bases his claims on the following allegations.

Mr. Biddle was injured in an excessive-force incident in late July 2021. On September 13, 2021, Mr. Biddle notified Ms. Plummer-Long of a problem with his right eye. An optometrist examined Mr. Biddle that day, found that his retina was detached, and notified Ms. Plummer-Long that Mr. Biddle needed urgent care from an ophthalmologist. She took no action for the next four days. Finally, on September 17, Mr. Biddle was taken to the emergency room. He underwent surgery. Due to the delay, Mr. Biddle has permanently lost 80% of his vision in his right eye.

Mr. Biddle also alleges that Ms. Plummer-Long prevented him from receiving necessary post-surgical care.

## III.  DISCUSSION OF CLAIMS AND ISSUANCE OF PROCESS

This action **will proceed** with Eighth Amendment claims for damages and injunctive relief against Ms. Plummer-Long pursuant to 42 U.S.C. § 1983. This is the only viable claim the Court identified in screening the complaint. If Mr. Biddle believes eh asserted additional claims that the Court did not address, he must notify the Court **no later than December 18, 2022**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

Because the defendant is a Centurion employee, the **clerk is directed** to serve her electronically and to also serve copies of this order and the process documents on Centurion electronically. If the defendant does not waive service, Centurion is ORDERED to provide her full name and last known address if it has such information. This information may be provided to the Court informally or may be filed ex parte.

**IT IS SO ORDERED.**

Date: 11/17/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MARK E. BIDDLE
184688
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronic service to Centurion
        Chasity Plummer-Long